UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM EVERAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00321-JPH-MG |
| ) | |
| CENTURION HEALTH OF INDIANA, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

William Everage alleges violations of his rights as a prisoner at Wabash Valley Correctional Facility (WVCF). Because he is a prisoner, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Everage asserts claims for damages against four defendants. Dkt. 1 at 1. Centurion Health of Indiana contracted to provide medical care to WVCF inmates. *Id.* at 2 ¶ 7. Centurion employed Dr. Samuel Byrd and Nurse Lee Ann Murray to provide that care. *Id.* at ¶¶ 8, 9. And Dr. Madsen is an outside physician who operated on Mr. Everage. *Id.* at 3 ¶ 10, 4 at ¶¶ 22-24. Mr. Everage bases his claims on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Everage broke his collarbone on November 8, 2022. *Id.* at 3 ¶ 12. Nurse Murray arranged x-rays, notified Dr. Byrd, and provided the pain reliever Ultram. *Id.* at ¶ 13.

Mr. Everage's medication ran out on November 14. *Id.* at ¶ 15. On November 17, he still had not seen a doctor. *Id.* He submitted a healthcare request form requesting pain medication. *Id.* A nurse responded that he would be provided Mobic. *Id.* He had no pain medication at all from November 14–21. *Id.* at 4 ¶ 20. Mr. Everage submitted additional healthcare requests and grievances throughout late November. *Id.* at 3–4.

Mr. Everage visited Dr. Madsen, an orthopedist, for a surgical consultation on December 5, 2022. *Id.* at 4 ¶ 21. Dr. Madsen recommended surgery as soon as possible. *Id.* at 4 ¶ 22. Dr. Byrd requested approval of the surgery, and it took place on December 13. *Id.* at 4 ¶ 23.

Mr. Everage was supposed to have his dressings changed three days after the surgery. *Id.* at 4 ¶ 25. They were not changed for five days, by which time his wound was infected. *Id.*

On January 9, 2023, Nurse Willis notified Mr. Everage that hardware used in the surgery had fractured and needed to be surgically removed. *Id.* at 5 ¶ 27. He experienced serious pain as a result. *Id.* at ¶¶ 28, 29. The surgery did not take place until March 31. *Id.* at ¶ 30.

### III. Discussion of Claims

The action **will proceed** with claims against Dr. Byrd and Centurion based on the Eighth Amendment and the Indiana torts of negligence and intentional or negligent infliction of emotional distress. At minimum, the following bases for these claims are plausibly alleged in the complaint:

- Dr. Byrd was deliberately indifferent to Mr. Everage's need for pain medication before the first surgery.

- Dr. Byrd delayed scheduling of both surgeries.

- Mr. Everage was denied adequate pain medication based on Centurion policies, practices, or customs.

- Mr. Everage's surgeries were delayed due to Centurion policies, practices, or customs requiring that such procedures be requested, reviewed, and approved.

3

Claims against Nurse Murray are **dismissed** for **failure to state a claim** upon which relief may be granted. According to the complaint, she had one interaction with Mr. Everage and arranged an x-ray and pain medication. Dkt. 1 at 3 ¶ 13. These allegations do not support a reasonable inference that she was deliberately indifferent to his serious medical needs, as would be required to plead an Eighth Amendment claim. *See Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021) ("Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need"); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 241 (7th Cir. 2021) (Deliberate indifference means that the defendant "consciously disregarded a serious risk to [the plaintiff's] health."). Further, these allegations fall short of supporting a reasonable inference that Nurse Murray's failure to provide more aggressive care in her one encounter with Mr. Everage, based on what she knew at the time, was unreasonable, as would be necessary to plead a tort claim under Indiana law. *See, e.g.*, *Buddy & Pals III, Inc. v. Falaschetti*, 118 N.E.3d 38, 41 (Ind. Ct. App. 2019) (Negligence is a breach of the duty to exercise reasonable care under the circumstances.).

Claims against Dr. Madsen are **dismissed without prejudice** to their pursuit in a state-court proceeding. Defendants may be joined in one lawsuit only if the plaintiff asserts a claim against them jointly or severally, or a claim that arises out of the same occurrence or series of occurrences, *and* if there will be at least one question of law or fact common to each defendant. Fed. R. Civ. P. 20(a)(2). Mr. Everage wishes to sue Dr. Madsen under Indiana medical

malpractice and negligence law for "botching" his surgery.  *See* dkt. 1 at 14 ¶ 98, n.1.  The questions of law and fact at issue in that claim will concern whether Dr. Madsen competently performed the collarbone surgery within the standard of care for such procedures.  *See Korakis v. Mem'l Hosp. of South Bend*, 225 N.E.3d 760, 764 (Ind. 2024).  The questions of law and fact at issue in Mr. Everage's other claims will concern whether he was properly medicated awaiting surgery and whether his surgery was scheduled with adequate urgency.  Because no common question of law or fact binds Dr. Madsen to the other defendants, claims against him may not proceed in this lawsuit.

Claims against Dr. Madsen must be dismissed because they cannot be severed into a new action in federal court.  No allegations support an inference that Mr. Everage and Dr. Madsen are citizens of different states, so there is no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  And Mr. Everage wishes to sue Dr. Madsen under Indiana law, so there is no basis for federal question jurisdiction.  28 U.S.C. § 1331.

### IV. Conclusion and Further Proceedings

The action **will proceed** with claims against Dr. Byrd and Centurion based on the Eighth Amendment and the Indiana torts of negligence and intentional or negligent infliction of emotional distress.  Claims against Nurse Murray are **dismissed** for **failure to state a claim** upon which relief may be granted. Claims against Dr. Madsen are **dismissed without prejudice** to their pursuit in a state-court proceeding.  The **clerk is directed** to **terminate** Nurse Murray and Dr. Madsen from the docket.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Everage believes he asserted claims the Court did not address, he will have **through November 8, 2024**, to file a motion to reconsider the screening order.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants electronically in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

Dr. Byrd is identified as a Centurion employee. Centurion is **ORDERED** to provide his full name and last known address if he does not waive service if it has such information. This information may be provided to the court informally or may be filed ex parte.

**SO ORDERED.**

Date: 10/24/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WILLIAM EVERAGE
962802
WABASH VALLEY – CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronic service to Centurion and employee:

Dr. Samuel Byrd (WVCF)